## BRAY v. GULF STEVEDORING CO. *

(Circuit Court of Appeals, Fifth Circuit.
April 8, 1927.)

No. 4988.

Master and servant &#8482;278(3)—Evidence held insufficient to show negligence of stevedoring company in improper stowage causing injury to stevedore.

Evidence showing injury to stevedore engaged in stowing cases of machinery, weighing 300 to 500 pounds each, on a substantially level floor, made of cases containing carbon black already in hold, held insufficient to show negligence of stevedoring company on theory of improper stowage of lighter material first resulting in insecure floor and falling of box of machinery.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Libel by Ulysses C. Bray against the Gulf Stevedoring Company. From a decree of dismissal, libelant appeals. Affirmed.

*Rehearing denied May 23, 1927.

Jno. J. Wingrave, of New Orleans, La., for appellant.

Edward Rightor and Eugie V. Parham, both of New Orleans, La., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is an appeal from a judgment dismissing a libel in admiralty, brought by a stevedore against his employer, to recover damages for personal injuries alleged to have been caused by the negligence of the employer. The undisputed facts are that libelant, an experienced stevedore, was one of a gang of longeshoremen engaged in loading the steamship Adalia at New Orleans and working in the hold.

The hold was partially filled with cases containing carbon black, which was so stored as to make a more or less level floor. On top of this the gang was stowing certain cases, containing machinery, which weighed from 300 to 500 pounds and measured about 6x4x1½ feet. In stowing them, some of the cases were set up on edge in order to better fill the remaining space and during the course of the work one of these toppled over, striking libelant on the leg and injuring him. Libelant had assisted in stowing the particular case that caused his injury.

The negligence alleged is improper stowage in that, as the boxes of carbon black were of lighter material than those containing the machinery, the stowage floor was resilient and insecure, which caused the box of machinery to fall.

There is nothing in the record to show that the method of doing the work was improper or more dangerous than usual. We agree with the District Court in holding that negligence of the master has not been shown.

Affirmed.